David B. Newman
Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Phone: (212) 643-7000
Facsimile: (212) 643-6500
*Attorneys for Defendant Amazon.com Services, LLC*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

|  |  |
|---|---|
| NIA M. BRATTON, | :    Civil Action No. |
|             Plaintiff, | : |
|     -against- | :    **NOTICE OF REMOVAL** |
| NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, HOMELAND HOUSEWARES, LLC, CALL TO ACTION, LLC, NUTRILIVING, LLC, AMAZON.COM SERVICES, LLC, | :    *(Document Electronically Filed)* |
|             Defendants. | : |

------------------------------------------------------------- x

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(a), Defendant Amazon.com Services, LLC ("Amazon"), hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Erie, to the United States District Court for the Western District of New York, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

This lawsuit involves a personal injury claim allegedly caused by a Magic Bullet/Nutribullet blender purchased on December 20, 2015. The injury allegedly occurred on April 22, 2018. On April 20, 2021, Nia Bratton ("Plaintiff") filed this civil action captioned *Bratton v. Nutribullet, LLC, et al.*, Index No. 805098/2021, in the New York Supreme Court, Erie County. Plaintiff served the Summons and Complaint on Amazon, through its registered agent, on April 23, 2021. True and correct copies of the Summons and Complaint are attached as Exhibit A. Plaintiff's Complaint alleges that her personal injury was caused by a defect in the blender that resulted in severe and permanent injuries, including first and second degree burns to her arms, breasts and chest.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff filed this action initially in federal court. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists between the Parties

### 1.    Plaintiff

Plaintiff is a resident of Erie County, New York (Complaint, ¶ 1) and is thus a citizen of New York.

### 2.    Defendants

Each of the defendants in this action is a limited liability corporation. An LLC is a citizen of each state in which each of its members is a citizen. *See Bayersiche Landesbank, N.Y. v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

### a. Amazon.com Services, LLC

Amazon.com Services, LLC, is a limited liability company whose sole member is Amazon.com Services, Inc., which is a Delaware corporation with its principal place of business in Washington. Thus, Amazon.com Services, LLC is a citizen of Delaware and Washington.

### b. Capital Brands, LLC

Capital Brands, LLC, is a California limited liability company that is wholly owned by Capital Brands Holdings, Inc., a corporation organized under the laws of Delaware, with its principal place of business in California. Thus, Capital Brands, LLC, is a citizen of California and Delaware.

### c. Nutribullet, LLC

Nutribullet, LLC, is a California limited liability company, whose sole member is Capital Brands, LLC, which, as addressed above, is a citizen of California and Delaware.

### d. Capital Brands Distribution, LLC

Capital Brands Distribution, LLC, is a California limited liability company, whose sole member is Capital Brands Holdings, Inc., which is a corporation organized under the laws of Delaware, with its principal place of business in California. Thus, Capital Brands Distribution, LLC, is a citizen of Delaware and California.

### e. Homeland Housewares, LLC

Homeland Housewares, LLC, is a California limited liability company whose sole member is Capital Brands, LLC, which, as addressed above, is a citizen of California and Delaware.

### f. Call To Action, LLC

Call To Action, LLC, is a California limited liability company, whose members are: (i) Sands Holdings I, LLC; (ii) Sand Holdings II, LLC; and (iii) Sapire Holdings, LLC.

Sands Holdings I, LLC, is a Delaware limited liability company, whose members are Lenny Sands and Corrine Sands, both residents of California.

Sands Holdings II, LLC, is a Delaware limited liability company, whose members are Lenny Sands and Corrine Sands, both residents of California.

Sapire Holdings, LLC, is a California limited liability company, whose members are Colin Sapire and the Sapire Family Trust, both citizens of California.

### g.    Nutriliving, LLC

Nutriliving, LLC, is a California limited liability company, whose sole member is Capital Brands, LLC, which, as addressed above, is a citizen of California and Delaware.

*          *          *

Accordingly, diversity exists because Plaintiff is a citizen of New York and the Defendants are citizens of California, Delaware and Washington.

### B.    The amount in controversy exceeds $75,000

The amount in controversy requirement set forth in 28 U.S.C. § 1332 is satisfied because Plaintiff has asserted damages of at least $5 million.

In personal injury actions like the case at bar, New York does not permit demand for a specific sum. *See* CPLR § 3017(c). While not alleging a specific damage sum, Plaintiff's Complaint asserts that, as a result of Defendants' alleged acts or omissions, Plaintiff was "injured externally, internally and permanently in and about the head, body, limbs and nervous system, including without limiting thereto severe first and second degree burns to her chest, arms, stomach and breasts with permanent scarring and disfigurement, so that she became and will continue to be

disabled and will continue to suffer pain, discomfort, disfigurement and distress." (Complaint, ¶ 15)

In order to confirm that the amount in controversy exceeds $75,000, on May 19, 2021, Amazon served Plaintiff with a CPLR § 3017(c) Demand that Plaintiff set forth her demand for damages. Plaintiff responded to the CPLR § 3017(c) Demand on June 14, 2021, and claimed damages in excess of $5 million. *See* Exhibit B.

Accordingly, based upon Plaintiff's response to the CPLR § 3017(c) demand, and the allegations in the Complaint, it is clear that the matter in controversy exceeds $75,000.

## III.   SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

"[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Amazon was served with the Summons and Complaint through its registered agent for service of process on April 23, 2021. In accordance with CPLR § 3017(c), the Complaint does not allege a specific claim for damages. Therefore, on May 19, 2021, Amazon served Plaintiff's counsel with a CPLR § 3017(c) demand for Plaintiff to set forth her alleged damages. On June 14, 2021, Plaintiff served her response to Amazon's CPLR § 3017(c) demand, which for the first time set forth Plaintiff's claim for damages. *See* Exhibit B. This Notice of Removal is being filed within 30 days of Amazon being served with the response to the CPLR § 3017(c) Demand. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B).

## IV.    VENUE OF REMOVED ACTION

The United States District Court for the Western District of New York is the United States District Court embracing the New York Supreme Court, Erie County, where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the Western District of New York under 28 U.S.C. § 1441(a).

## V.    CONSENT AND NOTICE TO OTHER PARTIES AND TO THE STATE COURT

Plaintiff's counsel has filed with the state court Affidavits of Service indicating that defendants Nutribullet, LLC, Capital Brands, LLC, Capital Brands Distribution, LLC, Homeland Housewares, LLC, Call to Action, LLC, and Nutriliving, LLC, were each served on April 28, 2021. Per the attached Consent to Removal, the Nutribullet Defendants consent to, and join in, the removal of this action to this Court. *See* Exhibit C. As such, all properly joined and served Defendants consent to and join in this removal of this action as required under 28 U.S.C. § 1446(b)(2)(A).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New York Supreme Court, Erie County, where this case was originally filed and is currently pending.

WHEREFORE, Defendant Amazon.com Services, LLC, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the action in its entirety from the Supreme Court of the State of New York, County of Erie, to this Court.

Dated: July 13, 2021                                  Respectfully submitted,


                                                  /s David B. Newman

David B. Newman
Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Telephone: (212) 643-7000
Facsimile: (212) 643-6500
dnewman@sillscummis.com
brose@sillscummis.com
aschwartz@sillscummis.com

*Attorneys for Defendant Amazon.com Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, I caused a copy of Defendant Amazon Service's

Notice of Removal to be served via email and first class mail on the following counsel:

Michel A. Iacono, Esq.
John J. Fromen, Attorneys at Law, PC
4367 Harlem Road
Snyder, New York 14226
*Counsel for Plaintiff*

Scott Haworth, Esq.
Haworth Barber & Gerstman, LLC
80 Broad Street
New York, New York 10004
*Counsel for the Nutribullet Defendants*

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.


                                              /s Andrew W. Schwartz
                                        ANDREW W. SCHWARTZ

Dated:  July 13, 2021


# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

**NIA M. BRATTON**
15 Kamper Avenue
Buffalo, New York 14210
        Plaintiff

    **-vs-**

**NUTRIBULLET, LLC**
11601 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90025

**CAPITAL BRANDS, LLC**
11601 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90025

**CAPITAL BRANDS DISTRIBUTION, LLC**
11601 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90025

**HOMELAND HOUSEWARES, LLC**
11601 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90025

**CALL TO ACTION, LLC**
11601 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90025

**NUTRILIVING, LLC**
11601 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90025

**AMAZON.COM SERVICES, LLC**
c/o Corporation Service Company,
80 State Street
Albany, New York, 12207-2543,
        Defendants

---

        **SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to serve upon the Plaintiff's attorneys, at their address stated below, an Answer to the attached Complaint.

If this Summons was personally served upon you in the State of New York, the Answer must be served within twenty (20) days after such service of the Summons, excluding the date of service. If the Summons was not personally delivered to you within the State of New York, the Answer must be served within thirty (30) days after service of the Summons is complete as provided by law.

If you do not serve an Answer to the attached Complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

The Plaintiff designates Erie County as the place of trial. The basis of venue is the residence address of the Plaintiff which is 15 Kamper Avenue, Buffalo, New York 14210.

DATED:     Buffalo, New York          Yours, etc.
           April 19, 2021


By:_____
     MICHAEL A. IACONO, ESQ.
     John J. Fromen, Attorneys at Law, P.C.
     Attorneys for Plaintiff
     Office & Post Office Address
     4367 Harlem Road
     Snyder, New York 14226
     (716) 855-1222

-2-

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

NIA M. BRATTON

        Plaintiff

  -vs-

NUTRIBULLET, LLC,
CAPITAL BRANDS, LLC,
CAPITAL BRANDS DISTRIBUTION, LLC,
HOMELAND HOUSEWARES, LLC,
CALL TO ACTION, LLC,
NUTRILIVING, LLC,
AMAZON.COM SERVICES, LLC
        Defendants

**COMPLAINT**

---

      The Plaintiff, complaining of the Defendants, by JOHN J. FROMEN,

ATTORNEYS AT LAW, P.C., her attorneys, alleges:

           **AS AND FOR A FIRST, SEPARATE AND DISTINCT**
           **CAUSE OF ACTION (NEGLIGENCE) AGAINST THE**
           **DEFENDANTS HEREIN**

      **FIRST:**  That at all times hereinafter mentioned the Plaintiff was and still is a

resident of the County of Erie and State of New York.

      **SECOND:** That upon information and belief and at all times hereinafter

mentioned the Defendant, NUTRIBULLET, LLC (hereinafter referred to as

NUTRIBULLET), was a California limited liability company regularly doing business

and deriving substantial revenue in the State of New York, with principal offices located

at 11601 Wilshire Blvd., Los Angeles, CA 90025.

**THIRD:** That upon information and belief and at all times hereinafter mentioned the Defendant, CAPITAL BRANDS LLC (herein after referred to as CAPTIAL BRANDS), was a California limited liability company regularly doing business and deriving substantial revenue in the State of New York, with principal offices located at 11601 Wilshire Blvd., Los Angeles, CA 90025.

**FOURTH:** That upon information and belief and at all times hereinafter mentioned the Defendant, CAPITAL BRANDS DISTRIBUTION, LLC (herein after referred to as BRANDS DISTRIBUTION), was a California limited liability company regularly doing business and deriving substantial revenue in the State of New York, with principal offices located at 11601 Wilshire Blvd., Los Angeles, CA 90025.

**FIFTH:** That upon information and belief and at all times hereinafter mentioned the Defendant, HOMELAND HOUSEWARES, LLC (hereinafter referred to as HOMELAND), was a California limited liability company regularly doing business and deriving substantial revenue in the State of New York, with principal offices located at 11601 Wilshire Blvd., Los Angeles, CA 90025.

**SIXTH:** That upon information and belief and at all times hereinafter mentioned the Defendant, CALL TO ACTION, LLC (hereinafter referred to as ACTION), was a California limited liability company regularly doing business and deriving substantial revenue in the State of New York, with principal offices located at 11601 Wilshire Blvd., Los Angeles, CA 90025.

-2-

**SEVENTH:** That upon information and belief and at all times hereinafter mentioned the Defendant, NUTRILIVING, LLC (hereinafter referred to as NUTRILIVING), was a California limited liability company regularly doing business and deriving substantial revenue in the State of New York, with principal offices located at 11601 Wilshire Blvd., Los Angeles, CA 90025.

**EIGHTH:** That upon information and belief and at all times hereinafter mentioned the Defendant, AMAZON.COM SERVICES, LLC (hereinafter referred to as AMAZON), was a Delaware limited liability company regularly doing business and deriving substantial revenue in the State of New York, with offices for the transaction of business located in the County of Erie and State of New York.

**NINTH:** That on or about December 20, 2015, the Plaintiff purchased and received the Magic Bullet/Nutribullet Blender that was manufactured, sold, supplied and distributed by the Defendants, their agents, servants, employees, appointees and/or designees.

**TENTH:** That upon information and belief the Defendants, their agents, servants, employees, appointees and/or designees, sold and distributed said product to consumers for good and valuable consideration in the State of New York and represented to the Plaintiff and those similarly situate that said product was to be used for blending various food products and was safe.

-3-

**ELEVENTH:** That upon information and belief the Defendants, through their agents, servants, employees, appointees and/or designees, are in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, distribute, supply and/or sell products and blenders marketed under the NutriBullet and Magic Bullet brand names, amongst other brands; and that these products are and were intended for use as household blenders.

**TWELFTH:** That on or about April 22, 2018, the Plaintiff, following a thorough review of the directions contained on the within product, placed a mixture of room temperature water and beans into the Magic Bullet/NutriBullet small plastic cannister supplied with the product for blending, filled the cannister with the ingredients to the "MAX" line, as she had done on numerous other occasions, and screwed on the blade assembly onto the cannister. The Plaintiff then attached the cannister with the blade assembly onto the base, turned it on by pressing down and twisting the cannister with the contents inside with the blade assembly attached, and let it run to blend the contents contained therein. As the blender ran, the friction and the resulting heat from the rapidly spinning blades caused the pressure in the cannister to build up and increase, thereby causing the cannister to detach from the blade assembly and fly off the base, causing the aforesaid blended liquid mixture, which had become scalding hot, onto the Plaintiff's upper chest, breast, clothing and body causing severe burn injuries to the Plaintiff as hereinafter set forth.

-4-

**THIRTEENTH:** That upon information and belief the aforesaid accident was due to the negligence of the Defendants, their agents, servants, employees, appointees and/or designees, in the manufacturing, designing, selling, inspecting, marketing, distributing, and advertising of the Magic Bullet/Nutribullet without proper instructions and warnings for its use, which product was defective or carelessly designed and inherently dangerous and unsafe for its recommended use, and were otherwise negligent, reckless and careless with the knowledge that the likelihood and gravity of harm presented by the Magic Bullet/NutriBullet outweighed the utility of the design of the product. The product was defective, among other things, because of a mistake in the manufacturing process, an inadequate and improper design and because the Defendants, their agents, servants, employees, appointees and/or designees, failed to provide adequate warnings regarding the use of the product.

**FOURTEENTH:** That the injuries sustained by the Plaintiff were due solely and wholly by and through the negligence, recklessness and carelessness of the Defendants, their agents, servants, employees, appointees and/or designees, as stated aforesaid, without any negligence or want of care of the Plaintiff contributing thereto. The Defendants, their agents, servants, employees, appointees and/or designees, owed a duty of care to the Plaintiff, among other things, to design and manufacture a product with due care and to warn of risks and dangers of its product not known to Plaintiff. The Defendants, their agents, servants, employees, appointees and/or designees, breached

-5-

their duty of care to the Plaintiff and said breach of duty was a substantial factor in bringing about the Plaintiff's injuries.

**FIFTEENTH:** That as a result of the negligence, recklessness and carelessness of the Defendants, their agents, servants, employees, appointees and/or designees, the Plaintiff was injured externally, internally and permanently in and about the head, body, limbs and nervous system, including without limiting thereto severe first and second degree burns to her chest, arms, stomach and breasts with permanent scarring and disfigurement, so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress. That by reason of the aforesaid injuries said Plaintiff required the services of physicians, surgeons, nurses, hospitals, therapy, manipulations and medicines and will continue to incur such expenses in the future; that as a result of the aforesaid injuries and resulting permanent disabilities, said Plaintiff has been incapacitated from her educational pursuits, profession and/or employment and will continue to be incapacitated from her educational pursuits, profession and/or employment in the future and as a result of the aforesaid injuries and permanent disabilities the future earning capacity, profession, livelihood and social and personal endeavors, hobbies and activities of said Plaintiff will be partially and/or permanently impaired; and as a result of all of the aforesaid the Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction and as may be awarded by the trier of facts herein.

-6-

**SIXTEENTH:** That the limitations on joint and several liability established under Article 16 of the Civil Practice Laws and Rules of the State of New York do not apply herein on the grounds that one or more of the exceptions enumerated under CPLR Section 1602 are applicable to the Plaintiff's claims in the within action.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION (STRICT LIABILITY) AGAINST THE DEFENDANTS HEREIN

**SEVENTEENTH:** Repeats and realleges each and every allegation contained in paragraphs numbered "FIRST" through "SIXTEENTH" inclusive, of the Plaintiff's Complaint herein as though set forth at length herein.

**EIGHTEENTH:** That upon information and belief and prior to the happening of the within incident, the Defendants, their agents, servants, employees, appointees and/or designees, knew or should have known that the aforementioned product was defective, dangerous, unsafe and unfit for the use it was intended; contained insufficient warnings and instructions; and constituted an unreasonably dangerous product as designed, tested, manufactured, assembled, inspected, marketed, distributed, advertised, sold and consumed; and that the likelihood and gravity of the harm outweighed the utility of the design of the product.

**NINETEENTH:** That by reason of the foregoing, the Defendants, their agents, servants, employees, appointees and/or designees, are strictly liable in tort for the aforementioned injuries sustained by the Plaintiff as previously set forth pursuant to the

-7-

doctrine of Strict Products Liability. The product was defective, among other things, in its manufacture, design, and by having inadequate warnings of an inherent danger, thus making the product not reasonably safe, and said defects existed at the time the product left the Defendants' possession or control. The product defect was a substantial factor in bringing about the Plaintiff's injury. At the time of the occurrence, the product was being used by the Plaintiff in a reasonably foreseeable manner.

**TWENTIETH:** That solely as a result of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction and as may be awarded by the trier of facts herein.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION (BREACH OF WARRANTY) AGAINST THE DEFENDANTS HEREIN

**TWENTY-FIRST:** Repeats and realleges each and every allegation contained in paragraphs numbered "FIRST" through "TWENTIETH" inclusive, of the Plaintiff's Complaint herein as though set forth at length herein.

**TWENTY-SECOND:** That upon information and belief and prior to the happening of the within incident, the Defendants, their agents, servants, employees, appointees and/or designees, expressly and/or impliedly warranted and represented to the Plaintiff and other consumers of the Magic Bullet/Nutribullet, that said product was safe, merchantable and fit for the use for which it was intended; and that it was reasonably safe and free from all defects.

-8-

**TWENTY-THIRD:** That upon manufacturing, marketing, advertising, distributing and selling the aforesaid defective product, the Defendants, their agents, servants, employees, appointees and/or designees, knew or should have known that said product would be used by said Plaintiff and other consumers based upon the express and implied warranties and representations that said product was safe, proper, and merchantable and fit for its intended use for blending the ingredients used by said Plaintiff.

**TWENTY-FOURTH:** That upon information and belief, and prior to the happening of the within incident, the aforesaid product was unsafe, unmerchantable, and unfit for its intended use and constituted an unreasonably dangerous product as designed, manufactured, assembled, inspected, tested, distributed and sold.

**TWENTY-FIFTH:** That by reason of the defective and dangerous nature of the aforesaid product, the Defendants, their agents, servants, employees, appointees and/or designees, violated and breached the aforementioned express and implied warranties causing the Plaintiff to sustain the aforementioned injuries. The Defendants, their agents, servants, employees, appointees and/or designees, sold a product that was not fit for the ordinary purposes for which such products are used. The product did not meet the Plaintiff/consumer's expectations of the product and the feature that made the product not fit for the ordinary purposes for which such products are used was a substantial factor in bringing about the Plaintiff's injury.

-9-

**TWENTY-SIXTH:** That solely as a result of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction and as may be awarded by the trier of facts herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and as may be awarded by the trier of facts herein on the First Cause of Action; for a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and as may be awarded by the trier of facts herein on the Second Cause of Action; for a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and as may be awarded by the trier of facts herein on the Third Cause of Action, together with the costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper.

DATED:    Buffalo, New York
        April 19, 2021

By: _____
      MICHAEL A. IACONO, ESQ.
John J. Fromen, Attorneys at Law, P.C.
Attorneys for Plaintiff
Office & Post Office Address
4367 Harlem Road
Snyder, New York 14226
(716) 855-1222

-10-

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

**NIA M. BRATTON,**
                    Plaintiff

        -vs-

**NUTRIBULLET, LLC,**
**CAPITAL BRANDS, LLC,**
**CAPITAL BRANDS DISTRIBUTION, LLC,**
**HOMELAND HOUSEWARES, LLC,**
**CALL TO ACTION, LLC,**
**NUTRILIVING, LLC,**
**AMAZON.COM SERVICES, LLC,**
                    Defendants

---

### NOTICE OF ELECTRONIC FILING
#### (Mandatory Case)
#### (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  **The benefits of participating in e-filing include:**

  - serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/e-file or contact the NYSCEF Resource Center (phone: 646-386-3033; email: nyscef@nycourts.gov).

Dated: April 19, 2021

| | | |
|---|---|---|
| _(Signature)_ | 716-855-1222 | (Phone) |
| John J. Fromen, Jr. _(Name)_ | 716-855-1239 | (Fax) |
| John J. Fromen, Attorneys at Law, P.C. _(Firm)_ | jjfjr@fromenlaw.com | (E-mail) |
| 4367 Harlem Road | | |
| Snyder, NY 14226 _(Address)_ | | |

Attorney(s) for    Plaintiff

TO:    NUTRIBULLET, LLC,

CAPITAL BRANDS, LLC,
CAPITAL BRANDS DISTRIBUTION, LLC,
HOMELAND HOUSEWARES, LLC,
CALL TO ACTION, LLC,
NUTRILIVING, LLC,
AMAZON.COM SERVICES, LLC



# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

**NIA M. BRATTON**
                    Plaintiff

                                                    **RESPONSE TO CPLR**
                                                    **3017 DEMAND**

    -vs-

                                                    **Index no.: 805098/2021**

**NUTRIBULLET, LLC,**
**CAPITAL BRANDS, LLC,**
**CAPITAL BRANDS DISTRIBUTION, LLC,**
**HOMELAND HOUSEWARES, LLC,**
**CALL TO ACTION, LLC,**
**NUTRILIVING, LLC,**
**AMAZON.COM SERVICES, LLC**
                    Defendants

---

The Plaintiff demands pursuant to CPLR 3017 $5,000,000 as damages.


DATED:      Buffalo, New York
            June 7, 2021

                                        By:_____
                                            MICHAEL A. IACONO, ESQ.
                                            John J. Fromen, Attorneys at Law, P.C.
                                            Attorneys for Plaintiff
                                            Office & Post Office Address
                                            4367 Harlem Road
                                            Snyder, New York 14226
                                            (716) 855-1222

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

NIA M. BRATTON,                                      :
                                                     :      Civil Action No.
                        Plaintiff,                   :
                                                     :
        -against-                                    :
                                                     :
NUTRIBULLET, LLC, CAPITAL BRANDS, LLC,:
CAPITAL BRANDS DISTRIBUTION, LLC,                    :
HOMELAND HOUSEWARES, LLC, CALL TO      :            *(Document Electronically Filed)*
ACTION, LLC, NUTRILIVING, LLC,                       :
AMAZON.COM SERVICES, LLC,                            :
                                                     :
                        Defendant.                   :
                                                     :

------------------------------------------------------------- x

## JOINDER AND CONSENT TO REMOVAL

Defendants Nutribullet, LLC, Capital Brands, LLC, Capital Brands Distribution, LLC,

Homeland Housewares, LLC, Call to Action, LLC, and Nutriliving, LLC (collectively, the

"Nutribullet Defendants"), by their undersigned counsel, hereby consent to and join in the Notice

of Removal filed by Defendant Amazon.com Services, LLC, and the removal of the case entitled

*Bratton v. Nutribullet, LLC, et al.*, Supreme Court of the State of New York, County of Erie,

Index No. 805098/21, to the United States District Court for the Western District of New York.

By consenting to and joining in the removal, the Nutribullet Defendants do not waive any rights

or defenses available under federal or state law.

Dated: July **8**, 2021              HAWORTH BARBER & GERSTMAN, LLC
                                     *Attorneys for Defendants Nutribullet, LLC, Capital
                                     Brands, LLC, Capital Brands Distribution, LLC,
                                     Homeland Housewares, LLC, Call to Action, LLC,
                                     and Nutriliving, LLC*

                                     By: _____
                                         SCOTT HAWORTH