UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NIA M. BRATTON,

     Plaintiff,

  -against-

NUTRIBULLET, LLC, CAPITAL BRANDS, LLC,
CAPITAL BRANDS DISTRIBUTION, LLC,
HOMELAND HOUSEWARES, LLC CALL TO
ACTION, LLC, NUTRILIVING, LLC,
AMAZON.COM SERVICES, LLC,

     Defendants.
------------------------------------------------------------X

Civil Action No.: 1:21-cv-00797

**ANSWER TO COMPLAINT**

  Defendants NutriBullet, LLC, Capital Brands, LLC, Capital Brands Distribution, LLC, Homeland Housewares, LLC, Call to Action, LLC, and NutriLiving, LLC, by and through their attorneys, HAWORTH BARBER & GERSTMAN, LLC, as and for their Answer to plaintiff's Complaint, dated April 19, 2021, hereby set forth the following upon information and belief:

### AS AND FOR AN ANSWER TO THE FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION (NEGLIGENCE)

  1. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "FIRST," "EIGHTH" and "NINTH" of the First Cause of Action of the Complaint.

  2. Deny each and every allegation contained in paragraph "SECOND" of the First Cause of Action of the Complaint, but admits that NutriBullet, LLC is incorporated under the laws of the State of California and maintains its principal place of business at 11601 Wilshire Boulevard, Los Angeles, California 90025.

  3. Deny each and every allegation contained in paragraph "THIRD" of the First Cause of Action of the Complaint, but admits that Capital Brands, LLC is incorporated under the laws of

the State of California and maintains its principal place of business at 11601 Wilshire Boulevard, Los Angeles, California 90025.

4. Deny each and every allegation contained in paragraph "FOURTH" of the First Cause of Action of the Complaint, but admits that Capital Brands Distribution, LLC is incorporated under the laws of the State of California and maintains its principal place of business at 11601 Wilshire Boulevard, Los Angeles, California 90025.

5. Deny each and every allegation contained in paragraph "FIFTH" of the First Cause of Action of the Complaint, but admits that Homeland Housewares, LLC is incorporated under the laws of the State of California and maintains its principal place of business at 11601 Wilshire Boulevard, Los Angeles, California 90025.

6. Deny each and every allegation contained in paragraph "SIXTH" of the First Cause of Action of the Complaint, but admit that Call to Action, LLC is incorporated under the laws of the State of California and maintains its principal place of business at 11601 Wilshire Boulevard, Los Angeles, California 90025.

7. Deny each and every allegation contained in paragraph "SEVENTH" of the First Cause of Action of the Complaint, but admit that NutriLiving, LLC is incorporated under the laws of the State of California and maintains its principal place of business at 11601 Wilshire Boulevard, Los Angeles, California 90025.

8. Deny all allegations contained in paragraphs "TENTH" and "ELEVENTH" of the First Cause of Action of the Complaint as to Homeland Housewares, LLC, Capital Brands Distribution, LLC, Call to Action LLC, and NutriLiving, LLC, and denies all allegations as to NutriBullet LLC and Capital Brands LLC, but admits that one or more of these defendants are engaged in the distribution and/or sale of NutriBullet products.

9. Deny each and every allegation contained in paragraph "TWELFTH" of the First Cause of Action of the Complaint.

10. Deny each and every allegation contained in paragraphs "THIRTEENTH," "FOURTEENTH," "FIFTEENTH" and "SIXTEENTH" of the First Cause of Action of the Complaint, and respectfully refer all questions of law to the Honorable Court.

### AS AND FOR AN ANSWER TO THE SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION (STRICT LIABILITY)

11. Repeat, reiterate and reallege each and every denial herein before made with the same force and effect as though the same were set forth at length herein in answer to paragraph "SEVENTEENTH" of the Second Cause of Action of the Complaint.

12. Deny each and every allegation contained in paragraphs "EIGHTEENTH," "NINETEENTH" and "TWENTIETH" of the Second Cause of Action of the Complaint, and respectfully refer all questions of law to the Honorable Court.

### AS AND FOR AN ANSWER TO THE THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION (BREACH OF WARRANTY)

13. Repeat, reiterates and reallege each and every denial herein before made with the same force and effect as though the same were set forth at length herein in answer to paragraph "TWENTY-FIRST" of the Third Cause of Action of the Complaint.

14. Deny each and every allegation contained in paragraphs "TWENTY-SECOND," "TWENTY-THIRD," "TWENTY-FOURTH," "TWENTY-FIFTH" and "TWENTY-SIXTH" of the Third Cause of Action of the Complaint, and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, defendants' liability, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That by entering into the activities in which plaintiff was engaged at the time of the alleged occurrence set forth in the Complaint, plaintiff had full knowledge of the hazards and dangers thereof and the inherent risks incident thereto; that whatever injuries and damages were sustained by plaintiff as alleged in the Complaint arose from and were caused by such risks voluntarily undertaken by plaintiff, and such risks were assumed and accepted by plaintiff in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants claim the benefits of each and every provision of CPLR § 4545 including, but not limited to, any credit or off-set by reason of any replacement or indemnification of costs or expenses from any collateral source.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants allege that other parties whether named or unnamed in the Complaint, and whether known or presently unknown to defendants were negligent or legally responsible or otherwise at fault for the damages alleged. Therefore, defendants whether by settlement or judgment, request that an apportionment of fault be made by the court or the jury as to all parties and non-parties. Defendants further request a judgment or declaration of indemnification or

contribution against each and every party arid person in accordance with the apportionment of fault.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action, recognizable in equity or in law, as against defendants upon which relief can be granted, and must therefore be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statutes of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against defendants are barred because the product was substantially altered after it left defendants' possession and control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

That any injuries and/or damages sustained by plaintiff were caused in whole or in part by the contributory negligence and/or culpable conduct of plaintiff and/or plaintiff's agents and not as a result of any negligence and/or culpable conduct on the part of defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate plaintiff's damages. Accordingly, any recoverable damages must be reduced to the extent of plaintiff's failure to mitigate plaintiff's damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on a balancing of risk and utility factors.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any injuries and damages sustained by plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Any and all acts performed and products manufactured and/or distributed by defendants were at all times relevant hereto in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants deny that the subject product was defective.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to give defendants notice of any claimed breach of warranty, including the notice required by Section 2-607(e) Uniform Commercial Code.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants made no warranty, express or implied, to plaintiff.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's breach of warranty claim is barred because there is no privity of contract between plaintiff and defendants.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's breach of warranty claim is barred because plaintiff did not rely on the warranty, if any.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

All of plaintiff's claims against defendants are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert any and all contractual limitations of liability, limitations or warranty, contractually shortened statutes of limitation and any other available

contractual defenses contained in any agreements between defendants and any party or nonparty, and reserves the right to set forth in further detail and with particularity the precise nature and terms of any such contractual limitations after discovery is completed.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

The injuries claimed by plaintiff were caused in whole or in part by the commission, omission, misuse, abuse, mistreatment or misapplication of the subject product by plaintiff or other third persons and not by defendants. As such, defendants bear no liability to plaintiff.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants were without actual or constructive notice of the purported conditions alleged in the Complaint.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

The alleged conditions which resulted in plaintiff's alleged losses or injuries were caused by unforeseen and unforeseeable acts and/or omissions by others over whom defendants had no supervision or control.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants did not design, manufacture, sell or distribute the subject product.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to obtain personal jurisdiction over defendants due to failure to properly serve the Summons and Complaint.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This action has been commenced in an improper forum based upon the doctrine of *forum non conveniens*.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants intend to rely upon such other defenses as may become available or apparent as discovery proceeds in this case, and hereby reserve the right to amend their Answer to plead said defenses.

**WHEREFORE**, defendants NutriBullet, LLC, Capital Brands, LLC, Capital Brands Distribution, LLC, Homeland Housewares, LLC, Call to Action, LLC, and NutriLiving, LLC demand judgment dismissing plaintiff's Complaint herein with attorney's fees, costs and any other relief that this Court deems equitable, just and proper.

Dated:     New York, New York
             August 17, 2021

HAWORTH BARBER & GERSTMAN, LLC

/s/ Scott Haworth, Esq.
Scott Haworth (SH - 5890)
80 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Scott.Haworth@hbandglaw.com
Attorneys for Defendants
NutriBullet, LLC, Capital Brands, LLC, Capital Brands Distribution, LLC, Homeland Housewares, LLC, Call to Action, LLC, and NutriLiving, LLC

TO: *All counsel of record via ECF*

Michael Iacono, Esq.
John J. Fromen, Attorneys at Law, P.C.
4367 Harlem Road
Snyder, New York 14226
Telephone: (716) 855-1222
jjfjr@fromenlaw.com
Attorneys for Plaintiff
Nia M. Bratton

Andrew W. Schwartz, Esq.
David B. Newman, Esq.
Beth S. Rose, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
aschwartz@sillscummis.com
dnewman@sillscummis.com
brose@sillscummis.com
Attorneys for Defendant
Amazon.com Services, LLC

# CERTIFICATE OF SERVICE

I, Scott Haworth, hereby certify and affirm that a true and correct copy of the attached **ANSWER TO COMPLAINT** was served via ECF on this 17th day of August 2021, upon all counsel of record.

Michael Iacono, Esq.
John J. Fromen, Attorneys at Law, P.C.
4367 Harlem Road
Snyder, New York 14226
Telephone: (716) 855-1222
jjfjr@fromenlaw.com
Attorneys for Plaintiff
Nia M. Bratton

Andrew W. Schwartz, Esq.
David B. Newman, Esq.
Beth S. Rose, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
aschwartz@sillscummis.com
dnewman@sillscummis.com
brose@sillscummis.com
Attorneys for Defendant
Amazon.com Services, LLC

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Scott Haworth
Scott Haworth (SH – 5890)

Dated: August 17, 2021